**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.: ____________________**

**ROSA ROMERO and LUIS MATEO,**
**and other similarly situated individuals,**

Plaintiff,

vs.

**RAZZLE DAZZLE BARBERSHOP, INC.,**
a Florida Profit Corporation,
**RAZZLEDAZZLE BABERSHOP II, INC.,**
a Florida Profit Corporation,
**RAZZLEDAZZLE BARBERSHOP MIDTOWN, LLC.,**
a Florida Profit Corporation,
**RAZZLEDAZZLE BARBERSHOP SOBE, LLC.,**
a Florida Profit Corporation,
**RAZZLEDAZZLE BARBERSHOP SOMI, LLC. ,**
a Florida Limited Liability Company,
**and ELENA LINARES,** individually,

Defendant.

_____________________________________/

## COMPLAINT

Plaintiff's **ROSA ROMERO** and **LUIS MATEO**, and other similarly situated individuals, by and through the undersigned counsel, hereby sues Defendants, **RAZZLE DAZZLE BARBERSHOP, INC.** a Florida Profit Corporation, **RAZZLEDAZZLE BABERSHOP II, INC.**, a Florida Profit Corporation, **RAZZLEDAZZLE BABERSHOP MIDTOWN, LLC.**, a Florida Profit Corporation, **RAZZLEDAZZLE BARBERSHOP SOBE, LLC.** a Florida Profit Corporation, **RAZZLEDAZZLE BABERSHOP SOMI, LLC.** a Florida Profit Corporation, and **ELENA LINARES** individually; collectively ("Defendants"), and in support avers as follows:

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for unpaid wages and Retaliation under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, a resident of Miami-Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is covered employee for purposes of the FLSA.

4. Defendant, RAZZLE DAZZLE BARBERSHOP, INC. a Florida Profit Corporation, having its main place of business in Miami-Dade County, Florida where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, RAZZLEDAZZLE BABERSHOP II, INC., a Florida Profit Corporation, having its main place of business in Miami-Dade County, Florida where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

6. Defendant RAZZLEDAZZLE BABERSHOP MIDTOWN, LLC., a Florida Profit Corporation, having its main place of business in Miami-Dade County, Florida where Plaintiff worked for Defendant and at all times material was and is engaged in interstate commerce.

7. Defendant RAZZLEDAZZLE BABERSHOP SOBE, LLC. a Florida Profit Corporation, having its main place of business in Miami-Dade County Florida where Plaintiff worked for Defendant and at all times material was and is engaged in interstate commerce.

8. Defendant RAZZLEDAZZLE BABERSHOP SOMI, LLC. a Florida Profit Corporation having its main place of business in Miami-Dade County Florida where Plaintiff worked for Defendant and at all times material was and is engaged in interstate commerce.

9. Defendant ELENA LINARES, is a corporate officer of, and exercised operational control over the activities of, corporate Defendants, RAZZLE DAZZLE BARBERSHOP, INC., RAZZLEDAZZLE BARBERSHOP II, INC., RAZZLEDAZZLE BARBERSHOP MIDTOWN, LLC. RAZZLEDAZZLE BARBER SOBE, LLC. and RAZZLEDAZZLE BARBERSHOP SOM, LLC.

10. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and payment was due in Miami-Dade County.

11. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

12. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

13. Plaintiff Rosa Romero performed work for Defendants as a non-exempt employee from on or about June 2011, through on or about April 29, 2015.

14. Throughout Plaintiff Romero's employment, Plaintiff worked in excess of forty (40) hours per week and was paid $600.00 weekly.

15. As such, Plaintiff Romero was paid at an hourly rate of approximately $8.57 (600.00 weekly pay ÷ 70 hours worked) for every hour worked.

16. Plaintiff Romero was not paid at the proper overtime rate for hours worked in excess of forty (40) each week, as proscribed by the law of the United States and the State of Florida.

17. Plaintiff Romero, during the relevant time period, from on or about June 16, 2012, through or about April 29, 2015, and worked approximately thirty (30) hours of overtime each week for 149 weeks.

18. Plaintiff Romero worked approximately thirty (30) overtime hours each week for which she was not paid 1.5 times her regular rate as provided by the FLSA. As such, Plaintiff's halftime rate is $4.29 (0.5 x $8.57) per hour for her thirty (30) hour of overtime each week.

19. As such, Plaintiff Romero is owed approximately $19,176.30 ($4.29 halftime rate x 30 hours of overtime each week x 149 weeks) in unliquidated overtime wages as well as an additional amount in liquidates damages, namely $38,352.60 in liquidates overtime wages.

20. Plaintiff Luis Mateo performed work for Defendants as a non-exempt employee from on or about June 2014, through on or about May 8, 2015.

21. Throughout Plaintiff Mateo's employment, Plaintiff worked in excess of forty (40) hour per week, and was paid an hourly wage $8.50.

22. Plaintiff Romero was not paid at the proper overtime rate for hours worked in excess of forty (40) each week, as proscribed by the laws of the United States and the State of Florida.

23. Throughout Plaintiff Mateo's employment with Defendant, Defendant regularly deducted thirty (30) minutes from Plaintiff's hour which constituted a break that Plaintiff was never allowed to actually take. As such, the thirty (30) minute deduction equated to approximately a three (3) hour deduction weekly. These (3) overtime hours went completely unpaid throughout all of Plaintiff Mateo's employment.

24. Plaintiff Mateo, during the relevant time period, from on or about June 2014, through on or about May 9, 2015, and worked approximately three (3) hours of overtime each week for 48 weeks.

25. Plaintiff Mateo worked approximately three (3) overtime hours each week for which he was not paid 1.5 times his regular rate as provided by the FLSA. As such, Plaintiff's overtime rate is $12.75 (1.5 x $8.50) per hour for his three (3) hours of overtime each week.

26. As such, Plaintiff Romero is owed approximately $1, 836.00 ($12.75 overtime rate x 3 hours of overtime each week x 48 weeks) in unliquidates overtime wages as well as an additional amount in liquidated damages, nearly $3,672.00 in liquidated overtime wages.

**COUNT I**
***Wage & Hour Federal Statutory Violation against***
***RAZZLE DAZZLE BARBERSHOP, INC.***

27. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 26 of this complaint as if set out in full herein.

28. This action is brought by Plaintiff to recover from Defendant unpaid wages compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*.

29. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

30. At all times pertinent to this Complaint, corporate Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic

transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

31. Upon information and belief, at all times material hereto, corporate Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendants named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendants, and for common business purposes related to the work performed by Plaintiff for Defendant.

32. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

33. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

34. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

35. To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See, e.g.*, *Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT II**

***Wage & Hour Federal Statutory Violation against RAZZLE DAZZLE BARBERSHOP II, INC.***

36. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 26 of this complaint as if set out in full herein.

37. This action is brought by Plaintiff to recover from Defendant unpaid wages compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*.

38. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

39. At all times pertinent to this Complaint, corporate Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

40. Upon information and belief, at all times material hereto, corporate Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendants named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendants, and for common business purposes related to the work performed by Plaintiff for Defendant.

41. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).

Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

42. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

43. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

44. To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See, e.g., Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

F. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

G. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

H. Award Plaintiff an equal amount in double damages/liquidated damages;

I. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

J. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT III**
***Wage & Hour Federal Statutory Violation against***
***RAZZLEDAZZLE BARBERSHOP MIDTOWN, LLC.***

45. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 26 of this complaint as if set out in full herein.

46. This action is brought by Plaintiff to recover from Defendant unpaid wages compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*.

47. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

48. At all times pertinent to this Complaint, corporate Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

49. Upon information and belief, at all times material hereto, corporate Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise

with the other corporate Defendants named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendants, and for common business purposes related to the work performed by Plaintiff for Defendant.

50. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

51. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

52. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

53. To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See, e.g.*, *Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the

governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

K. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

L. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

M. Award Plaintiff an equal amount in double damages/liquidated damages;

N. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

O. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT IV**

***Wage & Hour Federal Statutory Violation against***
***RAZZLEDAZZLE BARBERSHOP SOBE, LLC.***

54. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 26 of this complaint as if set out in full herein.

55. This action is brought by Plaintiff to recover from Defendant unpaid wages compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*.

56. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

57. At all times pertinent to this Complaint, corporate Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the

United States and also provides its services for goods sold and transported from across state lines of other states, and the corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

58. Upon information and belief, at all times material hereto, corporate Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendants named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendants, and for common business purposes related to the work performed by Plaintiff for Defendant.

59. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

60. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

61. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's

employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

62. To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See, e.g., Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendant:

P. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

Q. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

R. Award Plaintiff an equal amount in double damages/liquidated damages;

S. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

T. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**<u>COUNT V</u>**

***Wage & Hour Federal Statutory Violation against RAZZLEDAZZLE BARBERSHOP SOMI, LLC.***

63. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 26 of this complaint as if set out in full herein.

64. This action is brought by Plaintiff to recover from Defendant unpaid wages compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*.

65. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

66. At all times pertinent to this Complaint, corporate Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

67. Upon information and belief, at all times material hereto, corporate Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendants named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendants, and for common business purposes related to the work performed by Plaintiff for Defendant.

68. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

69. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

70. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

71. To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See, e.g., Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendant:

U. Adjudge and decree that Defendant has violated the FLSA and has done so willfully,

intentionally and with reckless disregard for Plaintiff's rights;

V. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

W. Award Plaintiff an equal amount in double damages/liquidated damages;

X. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

Y. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT VI**
***Wage & Hour Federal Statutory Violation against***
***ELENA LINARES***

72. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 26 of this complaint as if set out in full herein.

73. This action is brought by Plaintiff to recover from Defendant unpaid wages compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*.

74. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

75. At all times pertinent to this Complaint, corporate Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of

Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

76. Upon information and belief, at all times material hereto, corporate Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendants named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendants, and for common business purposes related to the work performed by Plaintiff for Defendant.

77. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

78. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

79. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

80. To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime

and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See, e.g.*, *Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

Z. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

AA. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

BB. Award Plaintiff an equal amount in double damages/liquidated damages;

CC. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

DD. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 11/21/16

Respectfully submitted,

Anthony M. Georges-Pierre, Esq.
Florida Bar No. 533637
Anaeli C. Petisco, Esq.
Florida Bar No.: 113376
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone: 305-416-5000
Facsimile: 305-416-5005
[illegible]
[illegible]
[illegible]
[illegible]